UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRYAN KERR DICKSON,          :
        Plaintiffs          :      No. 1:16-cv-01490
                            :
    vs.                     :      (Judge Kane)
                            :
UNITED STATES OF AMERICA,   :
et al.,                     :
        Defendants          :


**MEMORANDUM**

**Background**

On July 21, 2016, Plaintiff Bryan Kerr Dickson, an inmate at
the Federal Correctional Institution at Marianna, located in
Marianna, Florida ("FCI-Marianna"), filed pro se a civil action
against the United States and several unspecified individuals
under the Federal Tort Claims Act ("FTCA") and Bivens v. Six
Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S.
388 (1977).  In a separate document entitled "Clarification of
Defendants" Plaintiff appears to name the following individuals as
defendants but does not specify their conduct: (1)Loretta Lynch,
Attorney General of the United States; (2) Charles M. Samuels,
Jr., Director of the Federal Bureau of Prisons; (3) Michael D.
Tafelski, Regional Counsel of the Federal Bureau of Prisons; and
(4) Peter Smith, United States Attorney for the Middle District of
Pennsylvania.  (Doc. No. 2.)  In the so-called clarification of
defendants, Plaintiff also refers to a separate civil action, No.
1:14-cv-1784, which was dismissed by this court on September 12,

2016, and states that the present action is similar in nature to that prior case.  (<u>Id.</u>)

Plaintiff's claims are set forth in the following two documents: (1) a form civil rights complaint (Doc. No. 1) in which Plaintiff refers to an attached complaint and (2) what Plaintiff entitles "Federal Tort Claim Act and Bivens Lawsuit." (Doc. No. 4.)  Plaintiff's action raises a hodgepodge of unrelated claims and he fails to specify the individual defendants other than as noted above. (Doc. No. 4 at 2-3, 6-10.)  He does not connect the conduct alleged in these two documents with the Defendants mentioned in the so-called clarification.  (<u>Id.</u>)  Plaintiff alleges that on July 14, 2014, he was transferred by way of a bus from the United States Penitentiary at Hazelton, located in Bruceton Mills, West Virginia, to the United States Penitentiary at Allenwood, White Deer, Pennsylvania ("USP-Allenwood"), and while being transferred he was assaulted by other inmates.  (<u>Id.</u> at 6-10.)  Plaintiff apparently contends that employees of the Federal Bureau of Prisons were deliberately indifferent to his safety concerns and that they acted in a negligent manner resulting in him suffering injury at the hands of the other inmates; he contends that at USP-Allenwood he was not only assaulted by other inmates but also by correctional officers and federal agents; he contends that Defendants withheld and delayed providing him with his property and legal materials for eight weeks; he alleges that he was forced to sleep on a "thin" mattress

on a top bunk even though he had a bottom bunk restriction and
that this conduct amounted to battery by the United States; he
claims that Defendants refused to provide him with adequate
medical care for orthopedic conditions, including arthritis and
bone spurs in both knees, and he claims this was another incident
of battery; and finally he claims that he was provided with
inadequate dental care, i.e., Defendants lost and refused to
replace his dentures. (Id.) Plaintiff, as noted, names as a
Defendant the United States but does not specify by name the
individual Defendants other than in the so-called clarification.
(Id.) Instead he names as Defendants all federal employees,
including employees of the Federal Bureau of Prisons and employees
of the center that designated him to USP-Allenwood, the Central
Office and the Northeast Regional Office of the Bureau of Prisons,
and USP-Allenwood. (Id. at 2-3.) Plaintiff allegations are
conclusory and as noted fail to specify the responsible
correctional officers or federal agents at USP-Allenwood.
Furthermore, other than with respect to the incident of July 14,
2014, he does not specify any dates or a range of time during
which the conduct which he contends violated his rights occurred.
As relief Plaintiff requests that (1) he be placed in a safe
environment; (2) he be referred to an outside dentist who
specializes in dentures and a specialist in orthopedic medicine so
that he can undergo double knee replacement; (3) he be released
from the custody of the Federal Bureau of Prisons; and (4) he be

3

awarded monetary damages in the total amount of $6,800,000.00. (Doc. No. 4 at 9-10.)

Along with his complaint, Plaintiff submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 and an authorization to have funds deducted from his prison account to have the filing fee paid in installments.  (Doc. No. 5.)  However, because the forms submitted were not the forms used by this court, an Administrative Order was issued on July 22, 2016, directing Plaintiff to file the proper forms within thirty days. (Doc. No. 7.)  On August 9, 2016, Plaintiff submitted the proper forms (Doc. Nos. 10, 11), and on September 19, 2016, a motion for appointment of counsel (Doc. No. 12).

For the reasons set forth below, Plaintiff's motions to proceed in forma pauperis will be construed as a motion to proceed without full pre-payment of the filing fee and granted, and the complaint will be dismissed pursuant to the screening provisions of the 28 U.S.C. § 1915(e), of the Prison Litigation Reform Act ("PLRA") for failure to state a claim upon which relief may be granted with leave to file an amended complaint with respect to some of the claims.  Furthermore, Plaintiff's motion for appointment of counsel will be denied.

**Discussion**

### A.  **PLRA Screening**

Because Plaintiff complains about "prison conditions," the screening provisions,  28 U.S.C. § 1915(e)(2), of the PLRA apply,

given that Plaintiff is a prisoner proceeding <u>in forma pauperis</u>. The court has an obligation to dismiss a complaint under the PLRA screening provisions "at any time the court determines" the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.  <u>See, e.g.</u>, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000); 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Id</u>. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Ashcroft v. Iqbal</u>,129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556.)  "[L]abels and conclusions" are not enough, <u>Twombly</u>, 550

U.S. at 555, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'"  <u>Id</u>., 127 S.Ct. at 1965 (quoted case omitted).

In resolving the question of whether a complaint states a claim, we thus "conduct a two-part analysis." <u>Fowler</u>, 578 F.3d at 210.  First, we separate the factual elements from the legal elements and disregard the legal conclusions. <u>Id</u>. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  <u>Id</u>. at 211 (quoted case omitted).

Furthermore, <u>pro se</u> parties are accorded substantial deference and liberality in federal court.  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Hughes v. Rowe</u>, 449 U.S. 5 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

The FTCA provides a remedy in damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of [the United States] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place

where the act or omission occurred." 28 U.S.C. § 1346(b)(1); <u>see</u> <u>also</u> <u>Toole v. United States</u>, 588 F.2d 403, 406 (3d Cir. 1978); <u>O'Neal v. Department of Army</u>, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); <u>Turner v. Miller</u>, 679 F. Supp. 441, 443 (M.D. Pa. 1987). A claim against a department or agency of the United States is not cognizable under the Federal Tort Claims Act. 28 U.S.C. § 2679(a). Furthermore, as long as the officials or employees of the United States were acting within the scope of their duties or employment they cannot be named as defendants and only the United States can be so named. 28 U.S.C. § 2679(b); <u>Smith v. United States</u>, 499 U.S. 160 (1991).

In cases involving federal prisoners, the courts have recognized that the government's duty of care is one of ordinary diligence. <u>See</u> 18 U.S.C. § 4042; <u>Turner</u>, 679 F. Supp. at 443. In presenting a FTCA claim in this jurisdiction, a plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury or loss. <u>Mahler</u> <u>v. United States</u>, 196 F. Supp. 362, 364 (W.D. Pa. 1961), <u>aff'd</u> 306 F.2d 713 (3d Cir. 1962), <u>cert.</u> <u>denied</u>, 371 U.S. 923 (1962).

<u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478,

7

504 (1978).  The constitutional protected interests, include the right to adequate medical care and a secure and livable environment under the Eighth Amendment and the right to access to the courts under the First Amendment.

A person seeking to recover damages under "Bivens" must satisfy three requirements; he must: (1) assert that a constitutionally protected right has been violated; (2) state a cause of action sufficient to invoke the general federal question jurisdiction of the district court; and (3) demonstrate why money damages are the appropriate form of relief.  See Muhammad v. Carlson, 739 F.2d 122, 123-4 (3d Cir. 1984).

Furthermore, in addressing whether a viable Bivens claim has been stated against a defendant the court must assess whether Plaintiff has sufficiently alleged personal involvement of the defendant in the acts which he claims violated his rights. Liability may not be imposed under Bivens on the traditional standards of respondeat superior.  Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989)(citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1017, 1082 (3d Cir. 1976)).  In Capone, the court noted "that supervisory personnel are only liable for the [civil rights] violations of their subordinates if they knew of, participated in or acquiesced in such conduct."  868 F.2d at 106 n.7.

Initially, the court will address Plaintiff's claim for injunctive relief and release from confinement.  It is well

8

recognized that the adjudicatory power of a federal court depends upon the <u>continuing</u> existence of a live and acute controversy. <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id.</u> at n.10.  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citations omitted).

Furthermore, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a [civil rights action] fails to present a case or controversy once the inmate has been transferred." <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted).  Plaintiff's claim for injunctive relief against individuals employed at USP-Allenwood will be dismissed as moot because Plaintiff is no longer incarcerated at that facility.

Also, injunctive relief is not authorized under the FTCA and to the extent that Plaintiff seeks release from the custody of the Bureau of Prisons, it is well settled that inmates may not use civil rights actions to challenged the fact or duration of their confinement or to seek earlier or speedier release.  <u>Maxwell v. United States</u>, No. 08-1300, 2008 WL 4609996, at *1 (M.D.Pa. Oct. 14, 2008)("[T]he FTCA would not be an appropriate vehicle by which Maxwell could obtain injunctive relief[.]")

(Jones, J.); Moon v. Takisaki, 501 F.2d 389, 390 (9th Cir. 1974)("The Tort Claims Act makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief."); Preiseer v. Rodriquez, 411 U.S. 475 (1975). Consequently, the claims for injunctive relief and release from confinement will be dismissed without leave to file an amended complaint.

A review of Plaintiff's claims reveals that he has not asserted any cognizable claims under either the FTCA or Bivens. The claims relating to being assaulted by federal agents and correctional officers, the medical claims, the condition of confinement claims and the claim relating to the withholding of property and legal material are conclusory and fail to meet the pleading requirements of Rule 8 and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff fails to identify the correctional officers or federal agents at USP-Allenwood and his Bivens claims against those he did identify are not viable because he has not alleged any personal involvement.  As for his FTCA claims, Plaintiff has not alleged that any individual defendant was acting outside the scope of his employment and there are no allegations from which a fact-finder could conclude that any defendant breached a duty of care which was owed to Plaintiff and that a negligent breach of a duty of care was the proximate cause of any injury or loss suffered by Plaintiff.  Furthermore, it is well-

recognized that the Bureau of Prisons, its Regional Counsel's Office and Central Office and USP-Allenwood are not entities subject to suit under the FTCA or Bivens.[1]

In light of the above, the instant complaint will be dismissed, without prejudice, for failure to state a claim upon which relief can be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).  Although the complaint as filed fails to state a cause of action against the defendants, it is possible that the deficiencies may be remedied by amendment.  Consequently, Plaintiff will be granted such opportunity other than with respect to the claim for injunctive relief, the claim to be released from confinement and the claim against the Bureau of Prisons, Regional Counsel's Office, the Central Office and USP-Allenwood and the so-called designation center.  Plaintiff is also advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint or the other documents already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  If Plaintiff fails to file an amended complaint

---

1.  Also, the so-called designation center referred to by Plaintiff is not an entity subject to suit under the FTCA or Bivens.

adhering to the standards set forth above, this case will be closed.

### B.   Motion for Appointment of Counsel

Although prisoners have no constitutional or statutory rights to appointment of counsel in civil case, a court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e). Tabron v. Grace, 6 F.3d 147, 153 155-57 (3d Cir. 1993)(setting forth a non-exhaustive list of factors to be considered in ruling on a motion for appointment of counsel, including the merits of the claims and the difficulty of the legal issues), cert. denied, 114 S.Ct. 1306 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). But no part of the discussion in Smith-Bey of circumstances warranting appointment of counsel should be interpreted to mean that "appointment is permissible only in exceptional circumstances and that, in the absence of such

circumstances, the court has no discretion to appoint counsel."
Tabron, 6 F.3d at 155.

Plaintiff fails to set forth sufficient special circumstances warranting appointment of counsel. As an initial matter, Plaintiff has not identified any individual defendants other than in the so-called clarification or how the defendants had personal involvement in the alleged wrongful conduct.  Furthermore, the legal and factual issues are relatively uncomplicated, and the court cannot say, at least at this point, that Plaintiff will suffer substantial prejudice if he is forced to prosecute this case on his own.  Moreover, Plaintiff is a frequent litigation in federal court[2] and this Court's duty to construe pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, militate against the appointment of counsel.  Hence, the court will deny Plaintiff's motions for appointment of counsel.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon motion of petitioner.

An appropriate order will be entered.

---

2.  In the complaint Plaintiff refers to prior actions filed in this district as well as in district courts in Texas, Arizona, California, Oklahoma, Kentucky, West Virginia and Florida. (Doc. No. 1, at 3-7.)